UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FREDDY RODRIGUEZ,

  Plaintiff,
v.          CASE NO: 8:18-cv-1130-T-33AEP

RIVER STRAND GOLF & COUNTRY
CLUB, INC.,

  Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to Plaintiff's Notice of Serving Answers to Court's Interrogatories (Doc. # 20), filed on June 29, 2018. The Court requires additional information as explained below.

**Discussion**

Plaintiff Freddy Rodriguez filed this Fair Labor Standards Act case against River Strand Golf & Country Club on May 8, 2018. The Court entered its FLSA Scheduling Order (Doc. # 10) on May 24, 2018. That Order is narrowly tailored to facilitate the speedy resolution of FLSA cases. The first step of the Order requires the parties to exchange information regarding the alleged unpaid wages. The second step of the Order contemplates Plaintiff filing sworn Interrogatory Answers and Defendant filing a Verified Summary based on the aforementioned document exchange. After the document exchange

and the sworn filings are completed, the case is poised for a successful mediation conference with the Court's chosen mediator.

Here, Defendant was required to provide to Plaintiff by June 14, 2018: "All time sheets and payroll records in Defendant's possession, custody or control that pertain to work performed by Plaintiff during the time period for which Plaintiff claims unpaid wages." (Doc. # 10 at 2). The Order then called upon Plaintiff to file Interrogatory Answers by June 29, 2018. (<u>Id.</u>).

On June 29, 2018, Plaintiff timely filed sworn Interrogatory Answers, but some of his answers are incomplete. For instance, in response to Interrogatory 7, Plaintiff describes working 25 hours of overtime on some weeks during his employment from September 9, 2015, to October 25, 2017; however he does not provide a "total amount claimed." (Doc. # 20 at 3). Instead of stating the amount of his claim, which is the most important piece of information when it comes to formulating a settlement offer, Plaintiff postulates: "Records concerning the number of hours actually worked by Plaintiff and pay records are in the exclusive possession, custody and control of the Defendants, and therefore, Plaintiff is unable to state at this time the exact amount due. Payroll records

from Defendants may satisfy this issue." (Id.).

Here, all payroll records should have already been provided to Plaintiff. Either Defendant failed to turn over the payroll records, or Plaintiff has not accessed and synthesized the information to formulate an appropriate response to the Court's inquiry.

In addition, Plaintiff has provided a non-answer to Interrogatory 9, which asks Plaintiff to "specify all attorney's fees and costs incurred to date" including "the hourly rate(s) sought and the number of hours expended by each person who has billed time to this case." (Id.). Rather than providing this basic (and essential) information about attorney's fees and costs, Plaintiff states that he has entered into a contingency fee agreement. While the information regarding the fee agreement has some relevancy to the case, it certainly does not state the number of hours billed to the file or the hourly rate of the billing attorneys.

A large percentage of the Court's docket is comprised of FLSA cases, and the Court has developed a specific, cost-effective method for the early resolution of these cases. The Court has previously noted that "[d]ue to the volume of cases based on the FLSA," the Court expects "strict adherence" to

3

the requirements of the FLSA scheduling Order and "[f]ailure to comply may result in the imposition of sanctions, including but not limited to the dismissal of the case and the striking of pleadings." (Doc. # 10 at ¶ 12).

Although the Court is not inclined to impose sanctions at this juncture, the Court will require Plaintiff to supplement the Interrogatories by July 6, 2018.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

The Court mandates that Plaintiff file full, direct, and complete answers to the Court's interrogatories by July 6, 2018, failing which the Court will be inclined to dismiss the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 2nd day of July, 2018.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE