UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FREDDY RODRIGUEZ,

        Plaintiff,

v.                         Case No.  8:18-cv-1130-T-33AEP

RIVER STRAND GOLF & COUNTRY
CLUB, INC.,

        Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to the parties' Joint Motion for Extension of Time to Mediate and for Defendant River Strand Golf & Country Club, Inc. to Appear Telephonically at Mediation (Doc. # 40), which was filed on August 13, 2018. The Court held a hearing on the Motion on August 17, 2018. As stated at the hearing, although the Motion is unopposed, the Court denies the Motion to the extent it seeks any form of telephonic participation in mediation. The Motion is granted in part to the extent that the Court will extend the mediation deadline.

**Discussion**

Plaintiff Freddy Rodriguez sues three Defendants in this FLSA case: River Strand Golf & Country Club, Inc., Icon Management Services, Inc., and Heritage Harbour Management, Inc. (Doc. # 30). The Court placed the case on a "fast

track" and required the parties to mediate with Mark Hanley, Esq. by September 14, 2018, and to file a Notice of Mediation by August 14, 2018. (Doc. # 39). On August 13, 2018, the parties filed a Motion (Doc. # 40) jointly requesting that River Strand be permitted to participate in the mediation by telephone. They also requested that the Court move the mediation deadline to November 16, 2018.

Local Rule 9.05(c), M.D. Fla., states, "Unless otherwise excused by the presiding judge in writing, all parties, corporate representatives, and any other required claims professionals (insurance adjusters, etc.), shall be present at the Mediation Conference with full authority to negotiate a settlement." Here, the parties state: "Defendant ICON has accepted responsibility for the Plaintiff employee at issue; was in fact the employer of Plaintiff; and is the party with knowledge of Plaintiff's employment and which maintains payroll, time, and other employment records of the Plaintiff." (Id. at 3). The Court held a hearing and inquired whether it was appropriate to include River Strand and Heritage as Defendants if Icon has "accepted responsibility." Plaintiff did not agree to dismiss any party or count. Therefore, River Strand remains a party and is required to participate in the mediation in person.

2

Parties have been required to attend mediation conferences in person under harsher circumstances. See Pecoraro v. State Farm Fire and Cas. Co., Civil Action No. 1:07cv777-LTS-RHW, 2008 WL 3842912, *1 (S.D. Miss. Aug. 13, 2008) ("This Court has denied other requests based on hardship, including one in which the Plaintiff lived in Bartlesville, Oklahoma, had limited financial means to travel to Mississippi for the mediation, was disabled to the point of being legally blind, did not have a driver's license, and her means of travel were limited."). Further, at least one court has imposed sanctions for a party's failure to procure the personal attendance of a person with full settlement authority at a mediation conference. See Falcon Farms v. R.D.P. Floral, Inc., Civil Action No. 07-23077-CIV-Ungaro/Simonton, 2008 U.S. Dist. LEXIS 62119, at *6 (S.D. Fla. Aug. 14, 2008).

Court-ordered mediation is a valuable tool for the parties to utilize in settling their dispute. This Court requires personal attendance at mediation conferences because this Court strongly believes that mediation conferences are most effective when attended personally, rather than telephonically. However, the Court will accommodate the parties by extending the mediation deadline from September 14, 2018, to October 12, 2018. The Notice of Mediation is due on

August 24, 2018.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

The parties' Joint Motion for Extension of Time to Mediate and for Defendant River Strand Golf & Country Club, Inc. to Appear Telephonically at Mediation (Doc. # 40) is **GRANTED IN PART and DENIED IN PART.** The Court will not authorize any party to participate in the mediation telephonically. However, the Court will extend the mediation deadline to October 12, 2018, with the Notice of Mediation due on August 24, 2018.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>20th</u> day of August, 2018.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE