UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FREDDY RODRIGUEZ,

    Plaintiff,
v.                        Case No. 8:18-cv-1130-T-33AEP

ICON MANAGEMENT SERVICES, INC.,
ET AL.,

    Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to the parties' Joint Motion for Approval of FLSA Settlement and Dismissal with Prejudice (Doc. # 55), filed on October 22, 2018. For the following reasons, the Court defers ruling on the Motion until the parties have filed the settlement agreement. That agreement must be filed by **November 2, 2018.**

**I. Background**

On May 8, 2018, Plaintiff Freddy Rodriguez filed this action against River Strand Golf & Country Club, Inc., alleging claims for failure to pay overtime in violation of the Fair Labor Standards Act. (Doc. # 1). On May 24, 2018, the Court entered its FLSA Scheduling Order. (Doc. # 10). River Strand filed an Answer and Affirmative Defenses on June

1

21, 2018. (Doc. # 15). Therein, River Strand asserted that it was not Rodriguez's employer. (Id. at 4).

On June 29, 2018, Rodriguez filed a Motion for Leave to Amend the Complaint to add two new parties as Defendants: Icon Management Services, Inc. and Heritage Harbour Management, Inc. (Doc. # 19). On the same day, Rodriguez filed Answers to the Court's Interrogatories, but those answers were vastly incomplete. (Doc. # 20). Specifically, Rodriguez failed to state the amount of wages he claimed, and he did not provide a calculation of the attorney's fees incurred. (Id.). At the Court's direction, Rodriguez filed updated answers to the Court's Interrogatories on July 13, 2018. (Doc. # 27). In the second round of answers to the Court's Interrogatories, Rodriguez claimed that he was owed "$39,960.00 (unliquidated)" and that his attorney had incurred $7,700.00 in fees and costs. (Id.).

Subsequently, the Court authorized Rodriguez to amend the Complaint. (Doc. ## 29, 30). The Court dismissed River Strand after the parties stipulated that it was not a proper party to the action. (Doc. ## 46, 47). Icon Management and Heritage Harbour filed a Verified Summary of Hours Worked by Plaintiff and Wages Paid to Plaintiff on August 23, 2018.

(Doc. # 48). The very next day, Rodriguez once again amended his answers to the Court's Interrogatories, drastically reducing the amount he claimed to be owed to only $419.58, an amount which included liquidated damages. (Doc. # 49). The third round of answers to the Court's Interrogatories maintained that Rodriguez's counsel had incurred $7,700.00 in attorney's fees and costs. (Id.).

The parties were scheduled to mediate on October 8, 2018. (Doc. # 51). However, the mediator reported that the parties settled prior to the mediation conference. (Doc. # 52). The Court accordingly directed the parties to file a Motion for Court Approval of the Settlement including "the amount to be paid to Plaintiff (including liquidated damages), the payment of Plaintiff's attorney's fees, and whether the issue of attorney's fees was negotiated separately from the amount to be paid to Plaintiff for alleged FLSA violations." (Id.).

At this juncture, the parties have filed a Joint Motion for Approval of FLSA Settlement and Dismissal with Prejudice (Doc. # 55). However, their Motion contains a glaring defect: it does not disclose the amount that Rodriguez's counsel will receive under the settlement. The parties state that the Court need not concern itself with the amount of

3

attorney's fees or the substance of the settlement agreement because Rodriguez is being paid the full amount he requested. In the alternative, the parties state that if the Court would like access to this information, they agree to file the settlement agreement in camera.

## II. **Lynn's Food Commandment to the Court**

A district court in the Eleventh Circuit must review the settlement of an FLSA claim. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982). The parties cite to a variety of cases for the position that this Court need not inquire into the matter of Rodriguez's attorney's fees because Rodriguez received all amounts claimed. The parties specifically state: "When, as here, a plaintiff receives full compensation in settlement for his FLSA claim, the Court need not scrutinize the settlement for fairness." (Doc. # 55 at 3). In support of this position, the parties rely on Bonetti v. Embarq Management Co., 715 F. Supp. 2d 1222, 1226 (M.D. Fla. 2009), and Su v. Electronic Arts, Inc., No. 6:05-cv-131-Orl-28JGG, 2006 WL 4792780 (M.D. Fla. Aug. 29, 2006), report and recommendation adopted, 2007 WL 2780899 (M.D. Fla. Sept. 20, 2006). Interestingly, both Bonetti and Su entailed the full disclosure of attorney's

4

fees.

Specifically, in Bonetti, the court approved a settlement where the plaintiff received $3,000.00 and his attorney received $2,500.00. And in Su, a collective action, the court approved a settlement in which the individual workers received $482,320.00, the named plaintiff Su, who initiated the action, received an incentive fee of $100,000.00, and plaintiffs' counsel received $120,000.00. Id. at *2.

However, the Court is aware of a number of judicial opinions, even a case decided by the Undersigned, declining to evaluate attorney's fees when a plaintiff receives full compensation under the FLSA. See, e.g., Duncan v. Jim Fralin Construction, Inc., No. 8:08-cv-779-T-33TBM, 2009 WL 910689, at *1 (M.D. Fla. Apr. 2, 2009)("Where the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required.").

The Court takes this opportunity to explain its change in position. After deciding Duncan, the Court has been presented with hundreds of FLSA settlements, and the Court has come to understand that judicial review of attorney's fees is a vital component of ensuring the administration of

5

justice in FLSA cases. This is especially so in cases where the attorneys are hoping to receive a fee that is double, triple, or even quadruple the amount the unpaid worker will receive in FLSA wages.  More to the point, the Court finds that is impossible to evaluate a FLSA settlement for fairness without knowing the amount of attorney's fees the plaintiff's attorney will receive under the settlement. <u>See also</u> <u>Turner v. Interline Brands, Inc.</u>, No. 3:16-cv-646-J-39PDB, 2016 WL 7973120, at *3 (M.D. Fla. Nov. 8, 2016)("[T]he presence of counsel on both sides does nothing to alter the need for judicial oversight of FLSA settlement agreements.").

Thus, while some courts do not require judicial review in "full compensation" cases, other courts have noted the "obvious problem" with FLSA settlements absent judicial review. <u>See</u> <u>Turner</u>, 2016 WL 7973120, at *3 ("Absent judicial review of a settlement agreement it is impossible to ensure that the employer has not improperly exercised the marked advantage it enjoys over its employees in terms of bargaining power."). For example, litigators may manipulate the settlement to effect an end-run around the policy concerns articulated in both the FLSA and <u>Lynn's Food Stores</u>. <u>See</u> <u>Dees v. Hydradry, Inc.</u>, 706 F. Supp. 2d 1227, 1247 (M.D. Fla. 2010)

6

("[T]he district court should not become complicit in any scheme or mechanism designed to confine or frustrate every employee's knowledge and realization of FLSA rights."); Boasci v. Imperial Spa & Salon, Inc., No. 6:13-cv-1520-Orl-40KRS, 2015 U.S. Dist. LEXIS 122300, at *2 (M.D. Fla. Jan. 12, 2015) ("[T]he overwhelming position in the Eleventh Circuit [is] that the FLSA charges district courts with the duty to ensure the fairness of any resolution of a claim arising under the statute.").

The Court agrees that judicial review of the settlement agreement, including the amount to be paid to Rodriguez's counsel is required to effectuate the policy concerns articulated in Lynn's Food Stores. And, as explained below, the Court will not allow the parties to file the settlement agreement in camera.

In sum, without more information, the Court cannot yet determine whether the parties have reached "a fair and reasonable resolution" of Rodriguez's FLSA claims. Lynn's Food Stores, 679 F.2d at 1355. The parties are directed to file the settlement agreement by **November 2, 2018.** Thereafter, the Court will undertake an analysis of the settlement of this case.

## III. In Camera Review Violates Public Policy

As explained by the Eleventh Circuit in Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992), "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but is also the public's case." American courts recognize a general right "to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Comms., Inc., 435 U.S. 589, 597 (1978).

The Eleventh Circuit has noted, "The operation of the courts and the judicial conduct of judges are matters of utmost public concern and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007)(internal citations omitted). The court further explained, "This right of access includes the right to inspect and copy public records and documents. This right of access is not absolute, however. The right of access does not apply to discovery and, where it does apply, may be overcome by a showing of good cause." Id.

8

The First Amendment to the United States Constitution also provides a qualified right of access to trial proceedings, although this right "has a more limited application in the civil context than it does in the criminal [context]." Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1310 (11th Cir. 2001). "Where this constitutional right of access applies, any denial of access requires a showing that it is necessitated by a compelling governmental interest and is narrowly tailored to serve that interest." Id.

The document at issue -- a settlement agreement in a FLSA case -- does not fall into one of the categories, like protecting minors, that are generally shielded from public exposure. There is no suggestion, much less a showing, that either party could suffer any harm if the public were to have access to the terms of the settlement. This is simply not a case where it is necessary or appropriate to file the settlement documents in camera, and the parties have not shown good cause to override the common law and First Amendment rights of the public to review court documents. See Dees, 706 F. Supp. 2d at 1246-47 ("If presented in an FLSA action with . . . a stipulation for dismissal . . . or the like, the

judicial approval required by Lynn's Food and the public's right of access to a judicial proceeding compel the parties to file their agreement in the public docket of the district court.").

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Court defers ruling on the parties' Joint Motion for Approval of FLSA Settlement and Dismissal with Prejudice (Doc. # 55).

(2) The parties are directed to file their settlement agreement by **November 2, 2018.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 26th day of October, 2018.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE