```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

FREDDY RODRIGUEZ,

              Plaintiff,
v.                                  Case No. 8:18-cv-1130-T-33AEP

ICON MANAGEMENT SERVICES, INC.,
ET AL.,

              Defendants.
_____/

## ORDER

This matter is before the Court pursuant to the parties' Joint Motion for Approval of FLSA Settlement and Dismissal with Prejudice (Doc. # 55), filed on October 22, 2018. Also before the Court is Plaintiff's Motion for Attorneys' Fees (Doc. # 59), filed on November 9, 2018. The Court approves the settlement and grants the Motion for Attorney's Fees.

### Background

On May 8, 2018, Plaintiff Freddy Rodriguez filed this action against River Strand Golf & Country Club, Inc., alleging claims for failure to pay overtime in violation of the Fair Labor Standards Act. (Doc. # 1). On May 24, 2018, the Court entered its FLSA Scheduling Order. (Doc. # 10). River Strand filed an Answer and Affirmative Defenses on June 21, 2018. (Doc. # 15). Therein, River Strand asserted that it was not Rodriguez's employer. (Id. at 4).

On June 29, 2018, Rodriguez filed a Motion for Leave to Amend the Complaint to add two new parties as Defendants: Icon Management Services, Inc. and Heritage Harbour Management, Inc. (Doc. # 19). On the same day, Rodriguez filed Answers to the Court's Interrogatories, but those answers were incomplete. (Doc. # 20). Specifically, Rodriguez failed to state the amount of wages he claimed, and he did not provide a calculation of the attorney's fees incurred. (Id.). At the Court's direction, Rodriguez filed updated answers to the Court's Interrogatories on July 13, 2018. (Doc. # 27). In the second round of answers to the Court's Interrogatories, Rodriguez claimed that he was owed "$39,960.00 (unliquidated)" and that his attorney had incurred $7,700.00 in fees and costs. (Id.).

Subsequently, the Court authorized Rodriguez to amend the Complaint. (Doc. ## 29, 30). The Court dismissed River Strand after the parties stipulated that it was not a proper party to the action. (Doc. ## 46, 47). Icon Management and Heritage Harbour filed a Verified Summary of Hours Worked by Plaintiff and Wages Paid to Plaintiff on August 23, 2018. (Doc. # 48). The very next day, Rodriguez once again amended his answers to the Court's Interrogatories, drastically reducing the amount he claimed to be owed to only $419.58, an amount which included liquidated damages. (Doc. # 49). The third round of answers to the Court's Interrogatories maintained that Rodriguez's counsel had incurred

$7,700.00 in attorney's fees and costs. (Id.).

**Case Settlement and FLSA Fee Shifting Analysis**

The parties were scheduled to mediate on October 8, 2018. (Doc. # 51). However, the mediator reported that the parties settled prior to the mediation conference. (Doc. # 52). Because Rodriguez alleges that Defendants violated the FLSA, any settlement reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982).

The Court accordingly directed the parties to file a Motion for Court Approval of the Settlement including "the amount to be paid to Plaintiff (including liquidated damages), the payment of Plaintiff's attorney's fees, and whether the issue of attorney's fees was negotiated separately from the amount to be paid to Plaintiff for alleged FLSA violations." (Doc. # 52).

On October 22, 2018, the parties filed a Joint Motion for Approval of FLSA Settlement and Dismissal with Prejudice. (Doc. # 55). However, their Motion contained a glaring defect: it did not disclose the amount that Rodriguez's counsel would receive under the settlement. On October 26, 2018, the Court directed the parties to file the Settlement Agreement on the docket so that the Court could analyze the attorney's fees. (Doc. # 56). On November 2, 2018, the parties filed the Settlement Agreement. (Doc. # 57). The parties agreed to settle the case as follows: The Plaintiff

will receive $700.00 and his counsel will receive $5,300.00. (Id.).

The Court directed counsel to provide his fee ledger and further support for the attorney's fees requested. (Doc. # 58). At this juncture, Plaintiff's counsel has provided a detailed fee ledger and a memorandum in support of the fees requested. (Doc. # 59). Counsel represents that he actually incurred $9,648.00 in attorney's fees, but he has agreed to reduce the attorney's fees in an effort to resolve the case. (Doc. # 59-2 at 3). This Court is duty-bound to scrutinize the attorney's fees requested in this FLSA case as directed by the court in Silva v. Miller, 307 F. App'x 349 (11th Cir. 2009). Here, the Court finds the fees reasonable in relation to the time dedicated to the case. Furthermore, the parties represent that the attorney's fees to be paid to counsel were negotiated separately and without regard to the other terms of the settlement. (Doc. # 55 at 3).

Accordingly, it is

**ORDERED ADJUDGED** and **DECREED** that**:**

(1) The parties' Joint Motion for Approval of FLSA Settlement and Dismissal with Prejudice (Doc. # 55) and Plaintiff's Motion for Attorneys' Fees (Doc. # 59) are **GRANTED**.

(2) The settlement is approved.

(3) The case is dismissed with prejudice.

(4) The Clerk is directed to close the case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>13th</u> day of November, 2018.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE